a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA HAAMID PHILLIPS, Plaintiff | CIVIL ACTION NO. 1:16-CV-1361-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| KEITH DEVILLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Jonica Haamid Phillips (#429550) ("Phillips"). Phillips was granted leave to proceed *in forma pauperis*. (Doc. 7). Phillips is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Phillips complains that his constitutional rights were violated with respect to a disciplinary conviction he received while incarcerated at Winn Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Phillips alleges that a "unit shakedown" took place in his unit at Winn Correctional Center. (Doc. 1, p. 3). Synthetic cannabinoids were discovered inside the wall locker for bed #34. Phillips was assigned to bed #33. (Doc. 1, p. 3-4). Nonetheless,

Phillips was charged with a disciplinary violation for the contraband. (Doc. 1, pp. 4, 6).

After a disciplinary hearing was conducted, Phillips was convicted of the rule violation. It was determined that the contraband was found in an area assigned to Phillips, establishing that the contraband was under Phillips's immediate control. (Doc. 1, p. 6). Based on "the seriousness of the offense and the offender's poor conduct record," Phillips was sentenced to restricted housing and the loss of recreation privileges for six weeks. (Doc. 1, p. 6).

Phillips seeks compensatory and punitive damages for the alleged constitutional violation.

II. **Law and Analysis**

    A. **Phillips's complaint is subject to screening under §§ 1915(e)(2) and 1915A.**

Phillips is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Phillips's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Phillips's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. Phillips's claim is frivolous.

Phillips complains that he was falsely accused and deprived of a fair disciplinary hearing. The United States Fifth Circuit Court of Appeals has held that a prisoner's claim that he was he was falsely accused of a disciplinary infraction "is indistinguishable from a malicious prosecution claim." Ordaz v. Martin, No. 93-4170, 1993 WL 373830, at *6 (5th Cir. Sept. 15, 1993); see also Bradley v. Hammonds, No. 97-30287, 1998 WL 699106, at *2 (5th Cir. Sept. 22, 1998). Additionally, the Fifth Circuit has held that there is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003). Therefore, a prisoner's claim that disciplinary proceedings were wrongly initiated against him fails to state a claim upon which relief may be granted. See Figgs v. Vrazel, 106 Fed. App'x 260, 261 (5th Cir. 2004); Tyson v. Tanner, No. 08-cv-4599, 2009 WL 2883056, at *7 (E.D. La. Aug. 25, 2009).

To the extent Phillips is challenging the disciplinary hearing or punishment imposed, his claim fails. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." See Sandin v. Conner, 515 U.S. 472, 478 (1995) (citing Meachum v. Fano, 427 U.S. 215 (1976)). In Sandin, the Supreme Court held that a prisoner only has a liberty interest in freedom from restraint imposing an "atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life, such as a deprivation that impinges on the duration of confinement. Id. at 486-87.

Phillips was confined to segregation and lost recreation privileges for six weeks as a result of his disciplinary conviction. (Doc. 1, p. 6). Phillips did not lose any good time, so the duration of his confinement was not affected. Limitations imposed on recreational privileges, work assignments, and cell restrictions or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. See Sandin, 515 U.S. at 487; Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Because Phillips lost no good time, due process concerns were not implicated, and Phillips received all the process to which he was entitled. See Madison, 104 F.3d at 768 (30 day commissary and cell restrictions as punishment are merely changes in conditions of confinement that do not implicate due process concerns); Luken v. Scott, 71 F.3d 192, 193 (1995) (wrongful confinement in administrative segregation does not violate due process rights).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Phillips's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u> 14th </u> day of November, 2016.

                                                                          Joseph H.L. Perez-Montes
                                                                          United States Magistrate Judge